IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:11CR386 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| IBRAHIM Z. MATARI and CRYSTAL L. ) | |
| FOSTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant Crystal Foster's objection, Filing No. 39, to the magistrate judge's order dated March 23, 2012, Filing No. 37. The magistrate judge denied defendant Foster's motion to sever, Filing No. 28. *See* Filing No. 37 at 4. The motion for severance is joined by defendant Ibrahim Z. Matari. Filing No. 32. Foster is charged with one count of conspiring to commit marriage fraud in violation of 8 U.S.C. § 1325(c) and one count of marriage fraud in violation of 18 U.S.C. § 371.

Foster filed a motion to sever and alleged that a joint trial would prejudice defendant and violate her Sixth Amendment right to confrontation. Defendants contend they will be unfairly prejudiced because each have made statements implicating the other in the charged offenses. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the magistrate judge's order to which Foster objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court finds the magistrate judge is correct in his analysis of the facts and the law and will affirm the order in its entirety.

## FACTS

Foster and her co-defendant and defendant husband, Matari, obtained a marriage license and were married in Douglas County, Nebraska, in August of 2009. Filing No. 35 at 1. On or about January 8, 2010, Immigration officials arrived at the residence of the couple to investigate the petitions for citizenship filed for Matari. Foster and Matari were interviewed separately by Immigration officials regarding their marriage. *Id.* Subsequently, as a result of allegedly false information provided in these interviews,[1] Foster and Matari were charged with one count of conspiracy to commit marriage fraud and one count of marriage fraud. *Id.* Foster filed a motion to sever the trial of her case from Matari's trial because the statements violate the defendant's Sixth Amendment right to confront her witnesses, and she believes she will be prejudiced by the admission of the co-defendant's statements without the opportunity to cross-examine him. Filing No. 28. The magistrate judge denied the motion for severance. Filing No. 37.[2]

## DISCUSSION

The joinder of offenses and defendants is governed by Rule 8 of the Federal Rules of Criminal Procedure. Specifically, Rule 8(b) provides:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or, in the same series of acts or transactions, constituting an

---

[1] Examples of the testimony from the interviews includes: Matari being unable to tell them where he met Foster; Matari claiming they shared a bedroom although the interviewers saw only female clothes in their bedroom and a guest room contained two mattresses that appeared to have recently been stacked on top of one another and men's clothing; Matari claiming to have met Foster's parents and son although he did not know any of their names nor could he describe them. Filing No. 35.

[2] Foster also filed a motion to change name of the defendant, Filing No. 30, which was also denied; however, she has not objected to the magistrate judge's denial of this motion.

2

> offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8. Rule 14(a) of the Federal Rules of Criminal Procedure states that "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Foster argues that the Supreme Court found that admitting the statements of a non-testifying defendant that incriminates the co-defendant would violate the confrontation rights of the co-defendant. *Bruton v. United States,* 391 U.S. 123 (1968). Additionally, Foster contended that this case requires severance of their trials because the statements made to Immigration officials by Matari were testimonial in nature. *See Crawford v. Washington,* 541 U.S. 36 (2004) (testimonial statements made out of court by persons who do not appear at trial are barred under the confrontation clause).

The court agrees with the magistrate judge's conclusion for the reasons stated in his opinion. The magistrate judge correctly held that persons charged with a conspiracy should be tried together and that Fed. R. Evid. 801(d)(2)(E) allows the admittance of hearsay statements that are made in furtherance of a conspiracy. *United States v. Lewis,* 557 F.3d 601, 609 (8th Cir. 2009) (courts favor joint trials of coconspirators absent demonstrated prejudice). "A joint trial is appropriate for those charged with conspiracy where proof of the charges is based on common evidence and acts." *United States v. Dierling,* 131 F.3d 722, 734 (8th Cir. 1997). In the present case, Foster and Matari are charged as coconspirators to marriage fraud, and the statements were made in furtherance

of a conspiracy. *Crawford* does not apply to coconspirator hearsay statements. *See also United States v. Lee,* 374 F.3d 637 (8th Cir. 2004) (the Eighth Circuit stated: "[A] statement is not hearsay and is admissible as a statement made to a coconspirator if it advances the objectives of the conspiracy and does not merely inform the listener of the declarant's activities."). *Id.* at 644. Accordingly, the court finds that the motion is denied on the grounds that these are coconspirator statements and are not hearsay and do not violate the Confrontation Clause and, further, *Bruton* or *Crawford* are not applicable.

THEREFORE, IT IS ORDERED:

1. The defendant's objection (Filing No. 39) to the order of the magistrate judge is overruled.

2. The order of the magistrate judge (Filing No. 37) is affirmed in accordance with this Memorandum and Order.

3. The defendants' motions to sever (Filing Nos. 28 and 32) are denied.

DATED this 23rd day of April, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.